**In re PCH ASSOCIATES, f/k/a Simon Associates, Debtor.**

**LIONA CORPORATION, INC., Plaintiff–Appellant,**

v.

**PCH ASSOCIATES, f/k/a Simon Associates, Defendant–Appellee,**

**and**

**Westinghouse Electric Corporation and Nico Construction Company, Inc., Defendants.**

**No. 88 Civ. 5513 (LMM).**

United States District Court, S.D. New York.

Dec. 4, 1990.

Bodian & Eames, New York City (David T. Eames, of counsel), for plaintiff-appellant.

Jones, Day, Reavis & Pogue, New York City (Marc S. Kirschner, of counsel), for defendant-appellee.

## MEMORANDUM AND ORDER

McKENNA, District Judge.

This is an appeal by Liona Corporation, Inc. ("Liona") from a decision of the Bankruptcy Court for the Southern District of New York. The extensive facts of this case have been detailed in the opinions referred to below and familiarity with them is assumed. Only a brief sketch of those facts most relevant to this appeal is provided.

PCH Associates ("PCH") is a Pennsylvania limited partnership formed in 1976 under the name Simon Associates. Before September 24, 1981, it owned and operated the Pennsylvania Central Hotel and held title to both the land and improvements thereon. PCH filed a petition under Chapter 11 of the Bankruptcy Code on November 2, 1984.

On September 24, 1981, Liona purchased the land under the hotel and leased the land to PCH pursuant to a long term ground lease (the "ground lease"). This transaction closed pursuant to an Agreement of Sale dated August 25, 1981 between Liona's and PCH's predecessors-in-interest.

On December 28, 1984, Liona moved pursuant to 11 U.S.C. § 365(d)(3) and (4) to compel PCH to make lease payments or alternatively reject the lease and surrender the property to Liona. In response, PCH sought a declaratory judgment that the ground lease was not a true lease, within the meaning of 11 U.S.C. § 365(d), but rather was a joint venture or a subordinated financing agreement. On November 25, 1985, Hon. Burton R. Lifland, the United States Bankruptcy Judge presiding over PCH's bankruptcy proceedings, issued a Decision and Order on Debtor's Motion for Declaratory Judgment dealing with both Liona's and PCH's motions. 55 B.R. 273 (Bankr.S.D.N.Y.1985). Judge Lifland made detailed findings of fact and concluded that the ground lease was, in fact, a joint venture, rather than a true lease, and that Liona was not entitled to the rights it would otherwise have under 11 U.S.C. § 365(d)(3) and (4) if the ground lease had not been a joint venture. The issues before Judge Lifland on the motions of both parties included not merely Liona's rights under 11 U.S.C. § 365(d)(3) and (4), but also the respective rights, interests and relationship of the parties, and his decision and order resolved those issues.

Liona appealed Judge Lifland's decision to the district court. On May 15, 1986, Hon. Charles Tenney, U.S.D.J., affirmed the decision of the bankruptcy court in all respects. 60 B.R. 870 (Bankr.S.D.N.Y. 1986). Liona then appealed Judge Tenney's decision to the Court of Appeals for the Second Circuit. 804 F.2d 193 (2d Cir.

1986). The Court of Appeals focused on the question of whether 11 U.S.C. § 365(d)(3) and (4) was meant to apply only to true leases, and, after careful analysis, concluded that it was. Having made that determination, the Court of Appeals affirmed Judge Tenney's decision in so far as it held that the ground lease was not a true lease and that Liona was not entitled to the protections afforded under 11 U.S.C. § 365(d)(3) and (4). However, the Court of Appeals declined to characterize the ground lease, not reaching the question of what it was. "Whether these contracts create a joint venture, a security agreement, or some other form of investment vehicle need not be decided here." 804 F.2d at 201.

On February 11, 1987, the hotel was sold at an auction sale. Pursuant to PCH's Second Amended Plan of Reorganization, which was confirmed by the Bankruptcy Court, all priority and secured claims were to be paid in full with the exception of certain claims which were disputed. Liona brought a second adversary proceeding against PCH on August 19, 1987 seeking a determination of its rights and interests in the proceeds from the sale of the hotel and property. Specifically, Liona sought a determination that its interest in the proceeds is a secured claim and that it has a valid lien and security interest in such proceeds. Liona also sought a determination that it has an equitable interest in the proceeds. Alternatively, if the bankruptcy court found the existence of a joint venture relationship, Liona sought a determination that the proceeds are property of Liona subject to the claims of PCH's creditors. PCH counterclaimed asserting that Liona's right to the proceeds is junior and subordinate to the allowed claims of all of PCH's administration and unsecured creditors and seeking an order allowing it to pay its administration and general unsecured claims before making any payment to Liona. On May 5, 1988, Hon. Cornelius Blackshear, Bankruptcy Judge for the Southern District of New York, granted the motions of PCH for summary judgment dismissing Liona's claim and for summary judgment on PCH's counterclaim, on the grounds that the Bankruptcy Court was bound by the law of the case to adhere to the factual and legal findings of Judges Lifland and Tenney in the prior proceeding. Judge Blackshear adopted the findings of Judge Lifland and Judge Tenney that the transaction was a joint venture, and concluded that, as joint venturers, PCH and Liona had the status of equity holders and that their interests were subordinate to allowed administration and unsecured claims, ordering the proceeds of the hotel to be distributed immediately. It is this decision from which Liona appeals.

Judge Blackshear correctly followed and applied the doctrine of the law of the case. Under that doctrine, when a court decides a question of law or fact "that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). As Judge Blackshear noted, the doctrine of the law of the case is ordinarily applied to bar relitigation of issues decided in earlier proceedings of the same lawsuit, but it is also applicable to different lawsuits between the same parties. *See Schupak v. California*, 454 F.Supp. 105, 114 n. 17 (E.D.N.Y.1978) (*citing Antonioli v. Lehigh Coal & Navigation Co.*, 451 F.2d 1171 (3rd Cir.1971)). In this case, as Judge Blackshear also noted, "after thorough consideration of the intent of the parties, the background circumstances and the substance of the transaction based on, *inter alia*, five days of testimony, Judge Lifland determined that the transaction between the parties was not a sale and a lease, but rather a joint venture."

■ Contrary to Liona's contention, the effect of the Second Circuit's decision is to leave the lower courts' decisions that the ground lease was a joint venture undisturbed. The orders appealed from dealt with the nature of the relationship between the parties and their respective rights and interests, as well as the issue of the applicability of 11 U.S.C. § 365(d)(3) and (4). The Second Circuit decision was not an affirmance of a lower court decision on one of two or more possible grounds. Rather,

it was a decision in which only part of an order was affirmed and the rest of the order remained unconsidered. The Second Circuit's decision thus leaves the decisions of Judges Lifland and Tenney that the ground lease was a joint venture undisturbed. In the absence of appellate reversal those decisions remain the law of the case.

■ After Judge Blackshear, following the law of the case, found that the transaction at issue was a joint venture, he went on to hold that "[a]s joint venturers, PCH and Liona have the status of equity holders. Consequently, their interests are subordinated to those allowed claims of all administrative and unsecured claimants of PCH."

Liona challenges this ruling as "insupportable," but offers no authority under which the ruling is incorrect. In the context in which Judge Blackshear made it, the ruling is quite supportable. It appears—and Liona does not suggest otherwise—that the hotel and assets used in connection with its operation, were, in fact, PCH's sole assets, and the running of the hotel PCH's sole business. It follows that PCH's creditors became such in their dealings with the hotel and its operations. But, as has been seen, Liona, through the transaction at issue, became a joint venturer with PCH as regards the hotel and its operations. As Judge Lifland found, Liona shared profits of the hotel's operations with PCH, 55 B.R. at 282, and "retained an active proprietary interest in and control over the Hotel venture." *Id.* at 283. Liona and PCH had the status of "equity holders" of the hotel as a going business. As such, it follows, as Judge Blackshear correctly found, that their interests must be subordinate to those of PCH's administration and unsecured creditors.

■ The stockholders of a bankrupt corporation cannot, as such, expect to be treated also as creditors of the corporation. So too, Liona, having entered into a joint venture with PCH as to the hotel, cannot expect that it—or, now that it is itself in bankruptcy, its creditors—should partic-ipate before, or equally with, PCH's creditors in the proceeds of the sale of the hotel.

The holdings of Judge Lifland and Judge Tenney to the effect that the transaction between Liona and PCH was a joint venture, exclude, logically, the proposition advanced by Liona that it was a secured creditor of PCH. Judge Lifland considered the question of whether Liona was a secured creditor of PCH and found instead that Liona and PCH were joint venturers. The Court fully accepts this determination, and, as seen above, Judge Blackshear was fully justified in following it. Contrary to Liona's arguments, Liona cannot, as to the same transaction, be both a joint venturer and a secured creditor. Judge Blackshear was correct in directing that the proceeds of the sale of the hotel be distributed to PCH's creditors.

CONCLUSION

Accordingly, the order of the Bankruptcy Court is AFFIRMED.